IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  6:19-CV-00242 |
| | § | |
| ELIZABETH ANN BOLDEN, | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

NOW COMES the United States of America and files this Complaint as follows:

## INTRODUCTION

1. The mission of the United States Department of Veterans Affairs ("VA") is to care for United States military veterans and their eligible dependents. As a part of that mission, the VA is charged with all aspects of managing veterans benefits programs.

2. The VA manages several programs including the dependency and indemnity compensation program which pays monthly benefits to the surviving spouse of a veteran. 38 U.S.C. §1311. The program does not pay benefits to non-dependent children.

3. This action seeks triple damages and civil monetary penalties under the False Claims Act based upon the false claims and false records or statements made or used by Elizabeth Ann Bolden ("Bolden" or "Defendant") in order to obtain VA benefits. Alternatively, this action seeks damages for payment by mistake of fact, unjust enrichment and conversion.

1

## PARTIES

4. Plaintiff is the United States of America.

5. The Defendant is Elizabeth Ann Bolden. Bolden is a resident of Temple, Texas.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 31 U.S.C. §3732(a), 28 U.S.C. § 1331, and 28 U.S.C. §1345.

7. Venue is proper in the Western District of Texas under 28 U.S.C. §1391(b) and 31 U.S.C. §3732(a) because the conduct which gave rise to this complaint occurred here.

## STATEMENT OF THE CASE

8. Bolden is the surviving daughter of Edgar and Ruth Simpson.

9. Edgar Simpson received VA benefits based on his military service. Edgar Simpson died in 2006.

10. As the surviving spouse of Edgar Simpson, Ruth J. Simpson was entitled to dependency and indemnity compensation benefits from the VA following Edgar Simpson's death. Ruth Simpson died in November 2011.

11. At the time of Ruth Simpson's death, Bolden was not a dependent child of Ruth Simpson and was not entitled to Ruth Simpson's dependency and indemnity compensation benefits.

12. Following Ruth Simpson's death, Bolden continued to receive checks payable to Ruth Simpson. Bolden deposited these checks and used the funds for her own benefit. Bolden was not entitled to the benefits, but retained these payments. Bolden did not return any of these

payments to the VA, she did not inform the VA of Ruth Simpson's death, and she did not inform the VA that the payments for Ruth Simpson should cease.

13. The payments Bolden received in Ruth Simpson's name from the VA following Ruth Simpson's death are reflected in the chart below:

| Payment Date | Amount |
| --- | --- |
| 12/30/2012 | $ 1,215.00 |
| 2/1/2013 | $ 1,215.00 |
| 3/1/2012 | $ 1,215.00 |
| 4/1/2013 | $ 1,215.00 |
| 5/1/2013 | $ 1,215.00 |
| 5/31/2013 | $ 1,215.00 |
| 7/1/2013 | $ 1,215.00 |
| 8/1/2013 | $ 1,215.00 |
| 8/30/2013 | $ 1,215.00 |
| 10/1/2013 | $ 1,215.00 |
| 11/1/2013 | $ 1,215.00 |
| 11/29/2013 | $ 1,215.00 |
| 12/31/2013 | $ 1,233.23 |
| 1/31/2014 | $ 1,233.23 |
| 2/28/2014 | $ 1,233.23 |
| 4/1/2014 | $ 1,233.23 |
| 5/1/2014 | $ 1,233.23 |
| 5/30/2014 | $ 1,233.23 |
| 7/1/2014 | $ 1,233.23 |
| 10/31/2014 | $ 1,233.23 |
| 12/1/2014 | $ 1,233.23 |
| 12/31/2014 | $ 1,254.19 |
| 1/30/2015 | $ 1,254.19 |
| 2/27/2015 | $ 1,254.19 |
| 4/1/2015 | $ 1,254.19 |
| 5/1/2015 | $ 1,254.19 |
| 6/1/2015 | $ 1,254.19 |
| 7/1/2015 | $ 1,254.19 |
| TOTAL | $ 34,458.40 |

14. As a result of Bolden's false statements and failure to disclose Ruth Simpson's death, the VA paid benefits to which Bolden was not entitled in the approximate amount of $34,458.40.

## FIRST CAUSE OF ACTION
## FALSE CLAIMS ACT, 31 U.S.C. § 3729(a)(1)(G)

15. The United States re-alleges and incorporates the preceding paragraphs.

16. By virtue of the acts described above, Bolden knowingly made, used, or caused to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, and knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money or property to the Government, all in violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(G).

17. The United States suffered actual damages of at least $34,458.40, and is entitled to treble damages of $103,375.20, and civil penalties under the False Claims Act, 31 U.S.C. §3729 et seq. as amended.

## SECOND CAUSE OF ACTION
## PAYMENT BY MISTAKE OF FACT

18. The United States re-alleges and incorporates the preceding paragraphs.

19. As a result of the conduct described above, Bolden obtained federal funds that were not properly payable.

20. At the time such payments were made, the United States, through the VA, was not aware of Bolden's wrongful conduct or Ruth Simpson's death. Had the VA known that Ruth Simpson was deceased, it would not have approved the continued payment of her VA benefits to Bolden. All payments made after Ruth Simpson's death were done by mistake of fact.

21. As a consequence, the United States is entitled to recover those funds which were mistakenly paid in the amount of $34,458.40.

### THIRD CAUSE OF ACTION
### UNJUST ENRICHMENT

22. The United States re-alleges and incorporates the preceding paragraphs.

23. As a result of the conduct described above, Bolden obtained federal funds to which she was not entitled.

24. In consequence of the acts set forth above, Bolden has been unjustly enriched at the expense of the United States under circumstances directing that in equity and good conscious, the money should be returned to the United States.

### FOURTH CAUSE OF ACTION
### CONVERSION

25. The United States re-alleges and incorporates the preceding paragraphs.

26. This is a claim for conversion of government property.

27. Bolden obtained funds belonging to the United States.

28. Bolden retained, dissipated, and failed to return VA benefit funds to the United States.

29. Bolden wrongfully exercised dominion and control over VA benefit funds to the exclusion of and inconsistent with the rights of the United States.

30. Bolden acted with malice.

31. Bolden's continuous and long-term acceptance, taking, and dispensing of funds was wanton and malicious.

32. Bolden is liable to the United States for actual and exemplary damages, in amounts to be determined at trial.

## CONCLUSION

WHEREFORE, Plaintiff prays that that the Court grant judgment for the United States against Bolden as follows:

1. For civil penalties for each false claim, pursuant to 31 U.S.C. § 3729(a);

2. For three times the amount of actual damages proved pursuant to 31 U.S.C. § 3729(a);

3. For damages proved for payments made under mistake of fact, unjust enrichment, and conversion; and

4. For reasonable attorney's fees, costs, and expenses incurred by the United States in prosecuting this action;

5. Post-judgment interest at the rates permitted by law; and

6. For such other and further relief as may be appropriate and authorized by law.

Respectfully submitted,

**JOHN F. BASH**
United States Attorney

By: */s/Jacquelyn M. Christilles*
**JACQUELYN M. CHRISTILLES**
Assistant United States Attorney
Texas State Bar No. 24075431
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
Tel: (210) 384-7100
Fax: (210) 384-7312
E-mail:  jacquelyn.christilles@usdoj.gov
**ATTORNEYS FOR**
**UNITED STATES OF AMERICA**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 6:19-CV-00242 |
| ELIZABETH ANN BOLDEN, | § § § | |
| Defendant. | § | |

## VERIFICATION OF COMPLAINT

I, Scott Jones, Special Agent of the Department of Veterans Affairs Office of Inspector General Criminal Investigations Division, have read the Complaint in this action and state that its factual contents are true and correct to the best of my knowledge.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This 3 day of April, 2019.

_____
SPECIAL AGENT SCOTT JONES

7

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - Medical Malpractice | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____